UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Edgar David Figueroa,
    Claimant

    v.                                         Case No. 11-cv-541-SM
                                                Opinion No. 2012 DNH 198
Michael J. Astrue, Commissioner,
Social Security Administration,
    Defendant

## O R D E R

Claimant's motion to reverse the Commissioner's decision denying his application for Supplemental Security Income Benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., document no. 9, is granted. The Commissioner's motion to affirm his decision, document no. 11, is denied.

"It is well established in this circuit 'that the Step 2 severity requirement is ... to be a de minimus policy, designed to do no more than screen out groundless claims.'" Mohammad v. Astrue, 2011 WL 1706116, at *7 (D.N.H. April 4, 2011) (quoting McDonald v. Secretary of Health & Human Services, 795 F.2d 1118, 1124 (1st Cir.1986)). Here, the ALJ plainly erred at Step 2 in finding that Claimant's "medically determinable . . . depression" was not severe. Admin. Rec. at 16. The provider reports documenting the treatment claimant received for that disease are sufficient to meet the low Step 2 threshold.

The ALJ's error, moreover, was not harmless. A Step 2 error is harmless if the ALJ "continued through the remaining steps and considered all of the claimant's impairments." Syms v. Astrue, 2011 WL 4017870, at *1 (D.N.H. Sept. 8, 2011) (DiClerico, J.). Nothing in the ALJ's decision here suggests even inferentially, that he considered Claimant's depression at the RFC stage. Compare Montore v. Astrue, 2012 WL 3583346, at *3-4 (D.N.H. Aug. 20, 2012) (a clear inference that ALJ "considered" bipolar disorder at the RFC stage could be drawn from the fact that ALJ, in his RFC assessment, credited reviewing psychologist's opinion regarding limitations flowing from all of claimant's mental impairments, including his bipolar disorder).

Accordingly, the case is necessarily remanded for further proceedings in accordance with this order. Because this remand is made pursuant to sentence four of 42 U.S.C. § 405(g), the Clerk of the Court is instructed to enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 10, 2012

cc: Janine Gawryl, Esq.
    Robert J. Rabuck, Esq.